IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID J. HARRIS, | ) | 8:09CV424 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA | ) | |
| DEPARTMENT OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on November 25, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.      SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on November 25, 2009 against Defendant Nebraska Department of Health and Human Services ("NDHHS"). (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that he receives food stamp benefits from the NDHHS in the amount of $35.00 per month. (*Id.* at CM/ECF p. 3.) When Plaintiff was a Virginia resident, his food stamp benefit was $120.00 or more per month. (*Id.*) Plaintiff believes that his food stamp benefit should be "increased to $600 per month" because one of his college professors "said that $20 was about the amount to spend on food per day." (*Id.*) Plaintiff seeks an increase in his food stamp benefit to $600.00 per month. (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

The court liberally construes Plaintiff's Complaint to allege that Defendant violated provisions of the federal food stamp program. 7 U.S.C. §§ 2011-2036. "The food stamp program is designed to increase the food purchasing power of low-income households by issuing to eligible households coupons or food stamps which can be redeemed for food items at participating retail stores." *Meyer v. Lyng*, 859 F.2d 62, 63 (8th Cir. 1988) (citing 7 U.S.C. §§ 2011 and 2013(a)). The Department of

2

Agriculture has promulgated regulations implementing the program, which is administered at the local level by state agencies. *Id.* (citing 7 U.S.C. §§ 2014(b) and 2020(a)). Food stamp eligibility and "the amount of benefits a household receives are based on the household's income as defined in 7 U.S.C. § 2014. *Id.*

Participating states, such as Nebraska, are required to submit a "state plan of operation" to the Secretary of Agriculture for approval before they can receive food stamp program funds. *See* 7 U.S.C. § 2020(d). In addition, participating states must comply with the administrative requirements under section 2020. Subsection 2020(e) provides that:

> The State plan of operation . . . shall provide. . . . (10) for the granting of a fair hearing and a prompt determination thereafter to any household aggrieved by the action of the State agency under any provision of its plan of operation as it affects the participation of such household in the supplemental nutrition assistance program or by a claim against the household for an overissuance[.]

7 U.S.C. § 2020(e)(10). Nebraska has a required plan of operation which includes a "fair hearing" provision and an appeal process. 475 Neb. Admin. Code § 1-007 (2009) ("A fair hearing must be provided to any household wishing to appeal any action or inaction of the local office which affects the household's participation. . . . A household may request a fair hearing at any time within its certification period to dispute its current level of benefits.")

Here, Plaintiff does not allege that he timely appealed Defendant's decision regarding his food stamp calculation. Further, Plaintiff does not explain why, under federal or state law, he is entitled to a higher benefit amount. Stated another way, Plaintiff has not alleged facts sufficient to suggest that Defendant's decision regarding his food stamp benefits calculation was not related to his income information, as set forth in 7 U.S.C. § 2020(e)(10). In short, Plaintiff's allegations,

without more, are not sufficient to support the claims advanced. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (holding that a pro se complaint "must allege sufficient facts to support the claims advanced"). However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint in order to explain why he is entitled to a higher food stamp benefit amount than that which he currently receives and to allege any steps he has taken to appeal the food stamp benefit calculation. In the absence of the filing of a sufficient amended complaint, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.

      IT IS THEREFORE ORDERED that:

1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted. However, Plaintiff shall have until **February 25, 2010**, to amend his Complaint in accordance with this Memorandum and Order. In the absence of Plaintiff's filing an amended complaint, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915(e)(2).

2.    The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review case for amended complaint on **February 25, 2010**, and dismiss if none filed.

    January 27, 2010.          BY THE COURT:
                                      *Richard G. Kopf*
                                      United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.